UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARINA BORISOVA,                                                          18 CV 7440 (AMD)(SJB)

                    Plaintiff,                                                   AMENDED
                                                                          COMPLAINT AND
      - against -                                                        JURY TRIAL
                                                                          DEMAND
WILLIAM FRIBERG, TRIPLE I ASSOCIATES LLC,
P.O. ELIZABETH DROZD-SPIDLE, Shield No. 7902,
P.O. REBECCA COOGAN, Shield No. 3220
and THE CITY OF NEW YORK,

                    Defendants.
-----------------------------------------------------------------------X

Plaintiff, MARINA BORISOVA, by her attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

**JURY TRIAL DEMAND**

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

**PARTIES**

7. At all times relevant hereto, plaintiff, MARINA BORISOVA, was and is a natural person, resident in the County of Richmond, City and State of New York.

8. At all times relevant hereto, defendant WILLIAM FRIBERG (hereinafter "FRIBERG") was and is a natural person, resident in the County of Suffolk, State of New York, and was a managing partner of defendant TRIPLE I ASSOCIATES LLC.

9. At all times relevant hereto, defendant TRIPLE I ASSOCIATES LLC was and is a domestic limited liability company organized pursuant to the laws of the State of New York with its principal office for doing business located at 20 Park Avenue, Nesconset, Town of Smithtown, County of Suffolk, State of New York.

10. At all times relevant hereto, defendant P.O. ELIZABETH DROZD-SPIDLE, Shield No. 7902, ("DROZD-SPIDLE") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant P.O. REBECCA COOGAN, Shield No. 3220 (hereinafter "COOGAN") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

13. The individual defendants are sued in their individual capacities.

14. On or about January 2, 2018, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

15. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

16. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

18. On or about October 4, 2017, and for approximately twenty years prior thereto, plaintiff was the proprietor of a retail establishment, selling fragrances, costume jewelry and accessories, named Marina's Mall, located at 2007 Avenue U in the County of Kings, City and State of New York.

19. At approximately 4:45 P.M. on the aforementioned date, defendant FRIBERG, dressed in shorts and a t-shirt, entered plaintiff's store.

20. Plaintiff asked defendant FRIBERG if she could help him, but he replied that he was "just looking."

21. After a few minutes, defendant FRIBERG left the premises.

22. Defendant FRIBERG is a licensed private investigator, who was employed by the Police Department of defendant CITY OF NEW YORK, from January 1992 until August 2014.

23. During part of defendant FRIBERG's period of employment with the Police Department of defendant CITY OF NEW YORK, he was assigned to investigating counterfeiting of goods.

24. Subsequent to his retirement from the Police Department of defendant CITY OF NEW YORK, defendant FRIBERG became a licensed private investigator, working under contract to defendant CITY OF NEW YORK, conducting investigations similar to those that he had conducted as a member of the Police Department.

25. Thus, when he entered plaintiff's establishment on October 4, 2017, defendant FRIBERG was performing paid work for the Police Department of defendant CITY OF NEW YORK in the capacity of an investigator.

26. Approximately forty-five minutes after leaving plaintiff's store, defendant FRIBERG returned, accompanied by defendants DROZD-SPIDLE and COOGAN.

27. When the individual defendants entered plaintiff's store together, none of them displayed a search warrant nor stated that they were in possession of same.

28. Defendant FRIBERG accused plaintiff of falsely holding herself out, through the means of a sign displayed in front of the store, to be selling authentic trademarked fragrances.

29. Plaintiff responded that she was selling authentic fragrances, which she had purchased from a wholesaler named Art of Perfume, which is located in Philadelphia, Pennsylvania.

30. Plaintiff offered to show defendant FRIBERG receipts for her perfume purchases from the aforementioned company, but he declined to look at them.

31. Defendant FRIBERG demanded that plaintiff hand him a bottle of Gucci Guilty fragrance.

32. Plaintiff complied with defendant FRIBERG's demand.

33. Defendant FRIBERG tore open the packaging of the Gucci Guilty, opened and examined the bottle of fragrance, and then handed it back to plaintiff.

34. Defendant FRIBERG proceeded to order plaintiff to hand him trays of costume jewelry that she had on display.

35. Plaintiff complied with each one of defendant FRIBERG's orders.

36. After he examined the trays of costume jewelry, he handed each one back to plaintiff.

37. Then, defendant FRIBERG, without requesting permission to do so, stepped behind the store's counter and began opening drawers and examining their contents.

38. On the floor of her store, behind the counter, plaintiff was keeping pocketbooks in a large sports bag.

39. The aforementioned pocketbooks were being kept by plaintiff as Hannukah gifts for her family.

40. Plaintiff also had her own personal costume jewelry, not for sale, kept in a plastic container that was covered and stored at the bottom of a glass shelf.

41. As he searched behind the counter, opened drawers and handled the aforementioned items, defendant FRIBERG told plaintiff that she was not permitted to have her own personal items, that were not for sale, kept in the store.

42. Acting at the direction of defendant FRIBERG, one of the individual female police officer defendants went next door to a pharmacy and came back with several large shopping bags.

43. Items from the aforementioned sports bag and plastic container were then put into the aforementioned shopping bags by the individual defendants.

44. Defendant DROZD-SPIDLE directed plaintiff to step outside her store and to lock the door behind her.

45. At this point, plaintiff, in full view of people living on the street and other merchants, some of whom plaintiff had known and been friendly with for many years, was handcuffed and placed in a New York City Police Department motor vehicle.

46. Plaintiff was transported to the stationhouse of the 61st Precinct.

47. Plaintiff was held in custody at the stationhouse of the 61st Precinct and at Brooklyn Central Booking until she went before a judge of the Criminal Court of the City of New York, County of Kings, at approximately 9:00 P.M. on October 5, 2017.

48. Plaintiff was charged with violating New York Penal Law §165.71, trademark counterfeiting in the third degree, which is a class A misdemeanor.

49. The severely traumatized plaintiff immediately accepted an adjournment in contemplation of dismissal, which resulted in the charge against her being dismissed in its entirety on April 4, 2018.

50. All the property that had been taken from plaintiff by the individual defendants when they arrested her was returned to her by the Kings County District Attorney's Office on October 19, 2017.

51. The seized property had been vouchered.

52. Upon information and belief, had the aforementioned property been counterfeit goods being offered for sale, it would have been destroyed by the Police Department of defendant CITY OF NEW YORK.

53. Defendants FRIBERG, DROZD-SPIDLE and COOGAN violated plaintiff's rights, guaranteed to her by the fourth amendment to the Constitution of the United States, in that, while they were acting under the color of state law, they entered and searched her business premises without a search warrant having been issued and arrested her without having probable cause to do so.

54. Because of the aforementioned acts committed against her by the individual defendants hereto, plaintiff suffered a deprivation of rights guaranteed to her by the fourth amendment to the Constitution of the United States, and, as a result, suffered, and continues to suffer, both physical illness and extreme mental anguish that has led to her being under continuous psychological and psychiatric treatment since shortly after the date that the aforementioned acts were committed.  In addition, plaintiff has suffered a loss of income from her business and has incurred expenses for her aforementioned medical treatment.

55. By reason of the aforementioned unconstitutional and illegal actions taken against her by the individual defendants hereto, as described hereinabove, plaintiff has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS FRIBERG, DROZD-SPIDLE, COOGAN
## and THE CITY OF NEW YORK
### (False Arrest)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" hereinabove as if more fully set forth at length herein.

57. On or about October 4, 2017, at approximately 5:30 P.M., at a retail establishment named Marina's Mall, located at 2007 Avenue U in the County of Kings, City and State of New York, the individual defendants, without probable cause, forcibly, wrongfully and unlawfully arrested plaintiff and, against plaintiff's own free will, caused her to be incarcerated for approximately twenty-eight hours.

58. Defendant DROZD-SPIDLE falsely illegally, falsely, maliciously, wrongfully and unlawfully accused plaintiff of having committed the crime of trademark counterfeiting in the third degree.

59. Plaintiff was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement at the stationhouse of the 61st Precinct and at Brooklyn Central Booking for nearly twenty-eight hours.

60. At the time they committed the aforesaid acts of false arrest and false imprisonment, the individual defendants were acting as employees of defendant CITY OF NEW YORK and were acting within the scope of such employment.

61. By reason of the false arrest and false imprisonment committed against her by the individual defendants, while they were acting as employees of defendant CITY OF NEW YORK and within the scope of such employment, plaintiff suffered, and

continues to suffer, serious and permanent physical and emotional injuries, has lost income from her employment and has incurred medical expenses.

62.   As a result of the false arrest and false imprisonment committed against her by the individual defendants, while they were acting as employees of defendant CITY OF NEW YORK, and within the scope of such employment, plaintiff has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

WHEREFORE, plaintiff, MARINA BORISOVA, demands judgment against defendants, WILLIAM FRIBERG, TRIPLE I ASSOCIATES LLC, P.O. ELIZABETH DROZD-SPIDLE, Shield No. 7902, P.O. REBECCA COOGAN, Shield No. 3220 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:  An amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants; and

SECOND CAUSE OF ACTION:  An amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

In addition, plaintiff demands the costs and disbursements of this action, including her attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       June 28, 2019

                                         /s/ Alan D. Levine
                                         ALAN D. LEVINE, ESQ.
                                         Attorney for Plaintiff
                                         80-02 Kew Gardens Road, Suite 307
                                         Kew Gardens, New York 11415
                                         (718) 793-6363
                                         Our File No. 2425