UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**MARINA BORISOVA,**

                              Plaintiff,

  -against-

                                                           **MEMORANDUM DECISION AND ORDER**

                                                              18-CV-7440 (AMD) (SJB)

**WILLIAM FRIBERG,** *et al.*,

                              Defendants.
-----------------------------------------------------------------X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff brings this 42 U.S.C. § 1983 action against William Friberg and his company, Triple I Associates, as well police officers Elizabeth Drozd-Spidle and Rebecca Coogan and the City of New York (the "City Defendants"). (ECF Nos. 1, 20.) The plaintiff alleges that the defendants unlawfully searched her store and arrested her on charges of selling counterfeit merchandise. The defendants move to dismiss, and the plaintiff opposes. For the reasons that follow, the defendants' motions are denied in part and granted in part.

## BACKGROUND[1]

In 2017, the plaintiff owned Marina's Mall, a retail store in Brooklyn that sells fragrances, costume jewelry and accessories. (ECF No. 20 ¶ 18.) On October 4, 2017, at around 4:45 p.m., William Friberg came into the store and told the plaintiff he was "just looking." (*Id.* ¶¶ 19-20.) He left after a few minutes. (*Id.*) According to the plaintiff, Friberg was a New York City police officer from January 1992 until his retirement in August 2014, and is now a licensed

---

[1] For purposes of this motion, I accept as true the factual allegations in the amended complaint and draw all reasonable inferences in the plaintiff's favor. *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

1

private investigator who works "under contract" with the NYPD, "conducting investigations similar to those that he had conducted as a member of the Police Department." (*Id.* ¶ 23-24.) The plaintiff maintains that Friberg was "performing paid work for the Police Department" when he came into her store. (*Id.* ¶ 25.)[2]

About forty-five minutes later, Friberg returned with Officers Elizabeth Drozd-Spidle and Rebecca Coogan, and accused the plaintiff of selling counterfeit fragrances. (*Id.* ¶¶ 26-28.) The plaintiff offered to show the defendants receipts of her purchases, but Friberg asked her to hand him a bottle of perfume, which he "tore open" and "examined." (*Id.* ¶¶ 29-34.) At Friberg's request, the plaintiff handed him display trays of costume jewelry, which he also examined. (*Id.* ¶¶ 34-36.)

Friberg then stepped behind the store counter and began "opening drawers and examining their contents." (*Id.* ¶¶ 37.) On the floor behind the counter, Friberg opened a "large sports bag" filled with pocketbooks, which the plaintiff says were gifts for her family. (*Id.* ¶¶ 38-39.) He also found the plaintiff's "personal costume jewelry" in a plastic container "stored at the bottom of a glass shelf." (*Id.* ¶ 40.) Friberg told the police officers to get shopping bags from a nearby pharmacy. (*Id.* ¶ 42.) "[A]t the direction of defendant Friberg," the officers collected the pocketbooks and costume jewelry into large shopping bags, and then directed the plaintiff to step out of the store. (*Id.* ¶¶ 42-44.) Once the plaintiff was outside of the store, the defendants arrested her.

---

[2] The defendants dispute this characterization; Friberg says that "luxury brands" employ him to investigate and identify counterfeit goods, and that although he works with local law enforcement, he is not compensated by or employed by the NYPD.

The plaintiff was charged with Trademark Counterfeiting in the Third Degree in violation of C.P.L. § 165.71.  (*Id.* ¶ 48.)  She accepted an adjournment in contemplation of dismissal, and the charges were dismissed on April 4, 2018.  (*Id.* ¶ 49.)

The plaintiff's amended complaint alleges false arrest and unlawful search and seizure pursuant to Section 1983 against the individual defendants, and state law false arrest claims against the City of New York and the individual defendants.  (ECF No. 20.)  The defendants moved to dismiss on December 20, 2019.  (ECF Nos. 31, 34.)

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  This means that it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While it does not require "detailed factual allegations," this standard requires more than "a formulaic recitation of the elements of a cause of action" and more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.  (citing *Twombly*, 550 U.S. at 555).  The Court "must accept as true all of the allegations contained in the complaint;" however, this tenet does not apply to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

The defendants attach certain documents to their motions to dismiss: (1) the October 5, 2017 criminal court complaint, (2) Friberg's signed "supporting depositions" to the effect that the plaintiff's merchandise was counterfeit, and (3) Friberg's signed affidavit dated October 30, 2019.  (ECF No. 33, Exs. B, C; ECF No. 34, Ex. C.)  The plaintiff objects that except for the

criminal complaint, she neither relied on nor incorporated these documents by reference when she prepared her amended complaint.

In deciding a Rule 12(b)(6) motion to dismiss, the court "'is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference.'" *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) (quoting *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)). "[I]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including arrest reports, criminal complaints, indictments, and criminal disposition data." *Harris v. Howard*, No. 08-CV-4837, 2009 WL 3682537, at *2 (S.D.N.Y. Oct. 30, 2009) (quotations and citation omitted). The plaintiff did not rely on or incorporate Friberg's affidavits or his supporting depositions. Therefore, except for the criminal court complaint upon which the plaintiff relied in preparing her amended complaint, and which is a matter of public record on which the Court can rely (*see* ECF No. 39 at Ex. B), I do not consider the other exhibits.

## DISCUSSION

The plaintiff says that the defendants unlawfully searched her store and arrested her in violation of 42 U.S.C. § 1983 and state law. Friberg and Triple I Associates argue that the plaintiff's claims are time-barred, and that neither Friberg nor his company acted under color of state law. Friberg also describes the plaintiff's allegations against him and his company as conclusory. The City Defendants argue that they acted reasonably, had probable cause to arrest the plaintiffs and are entitled to qualified immunity.

A. Statute of Limitations

Friberg maintains that the plaintiff's false arrest claims are time-barred, but he misstates the applicable legal standard.[3] "Because '§ 1983 claims are best characterized as personal injury actions,' . . . a State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens v. Okure*, 488 U.S. 235, 240-41 (1989) (quoting *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). "It is well-established that New York's three-year limitations period for personal injury actions, New York State Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 214(5), not the one-year limitations period for actions arising from false imprisonment, N.Y. C.P.L.R. § 215(3), governs § 1983 claims." *Kevilly v. New York*, 410 F. App'x 371, 375 (2d Cir. 2010) (unpublished) (citation omitted). The plaintiff alleges that the defendants released her from custody on October 5, 2017, and she filed her complaint on December 28, 2018. Therefore, the plaintiff's claims are timely.

B. Section 1983 State Actor Requirement

In order to state a claim under Section 1983, a plaintiff must allege that she was injured by either a state actor or a private party acting under color of state law. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *see Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983.") (citation omitted). "'Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that [her] constitutional rights have been violated must first establish that the challenged conduct constitutes state action.'" *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005)).

---

[3] The plaintiff does not address this argument in her opposition.

Friberg argues that the plaintiff has not demonstrated that he or his company were state actors. "[S]tate action may be found when 'there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 188 (2d Cir. 2009) (*quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quotation marks omitted)). "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act," *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992), and is "a willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello* at 324.

At the motion to dismiss stage, the plaintiff has sufficiently pled that Friberg was acting under color of state law. The plaintiff claims that Friberg is "under contract" with the NYPD and conducts investigations into counterfeit goods (ECF No. 20 ¶¶ 23-24), and that Officer Drozd-Spidle arrested the plaintiff because Friberg, "a representative of Triple I Associates LLC," (ECF No. 33-3 at 2), told her that he recognized that her goods bore "imitation" trademarks. (*Id.*) According to the amended complaint, Friberg came into her store, looked around, and left; he returned later with two police officers and accused the plaintiff of selling counterfeit goods. (ECF No. 20 ¶¶ 18-28.) Friberg asked the plaintiff, in front of the officers, to give him items which he inspected. (*Id.* ¶¶ 31-36.) He then stepped behind the counter and began "opening drawers and examining their contents." (*Id.* ¶¶ 37-39.) Friberg directed Officer Drozd-Spidle to collect large shopping bags, pointed out allegedly counterfeit items and directed the officers to

place them in bags. (*Id.* ¶¶ 42-43.) Friberg and the City Defendants describe Friberg as a witness reporting a crime, but the complaint describes more active participation; "when a private actor takes a more active role and jointly engages in action with state actors, . . . he will be found to have acted under color of state law for purposes of Section 1983." *Carrillos v. Inc. Village of Hempstead*, 87 F. Supp. 3d 357, 371 (E.D.N.Y. 2015). The complaint adequately pleads that Friberg was acting under color of state law.

However, aside from alleging that Friberg owns and manages Triple I Associates, the complaint does not plead any allegations about Triple I Associates. The plaintiff points out that Triple I is required to indemnify Friberg under N.Y. Limited Liab. Co. § 420. But the fact that Triple I may be required to indemnify Friberg under state law is not sufficient, without more, to plead a Section 1983 claim against it. Therefore, Triple I Associates is dismissed from the action.[4]

### C. Section 1983 False Arrest Claims [5]

"A § 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law . . . [which] requires that the plaintiff show that . . . the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (per curiam) (quotation marks, alterations, and citations omitted).

---

[4] The plaintiff concludes her brief with a generic request that the Court permit her to amend her complaint if any of her claims are dismissed. A court "should freely give leave [to amend] when justice so requires." *City of Pontiac Gen. Employees' Ret. Sys. v. MBIA Inc.*, 300 F. App'x 33, 34 (2d Cir. 2008) (summary order) (quoting Fed. R. Civ. P. 15(a)(2)); *see also Ronzani v. Sanofi S.A.*, 899 F.2d 195, 199 (2d Cir. 1990) (district court abused its discretion by denying leave to amend where no leave was previously given, and the panel could not determine on the basis of the record that leave to amend was futile). If the plaintiff wishes to proceed against Triple I Associates, the plaintiff may seek leave to amend her complaint as to those claims.

[5] The City Defendants also raise additional arguments about claims for malicious prosecution and municipal liability, but the plaintiff concedes that she is not bringing those claims.

7

Probable cause "is a complete defense" to false arrest and false imprisonment claims. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quotation and citation omitted); *see also Rodriguez v. City of NY*, 535 F. Supp. 2d 436 (S.D.N.Y. 2008). A court may decide the question of probable cause as a matter of law "if there is no dispute as to the pertinent events and the knowledge of the officers." *Bishop v. City of New York*, 518 F. App'x 55, 56 (2d Cir. 2013) (quoting *Weyant*, 101 F.3d at 852). An officer has probable cause when she has "'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Martinez v. Simonetti,* 202 F.3d 625, 634 (2d Cir. 2000)). Courts "look to the totality of the circumstances" in deciding whether an officer had probable cause to make an arrest, *Fabrikant*, 691 F.3d at 214 (citations and quotations omitted), and "consider those facts available to the officer at the time of the arrest and immediately before it." *Caldarola v. Calabrese,* 298 F.3d 156, 162 (2d Cir. 2002) (quotation and citations omitted).

Even in the absence of probable cause, "an officer is entitled to qualified immunity from a federal false arrest and imprisonment claim if [she] had arguable probable cause to arrest the plaintiff for any offense, regardless of the offense with which the plaintiff was actually charged." *Kass v. City of New York*, 864 F.3d 200, 206 (2d Cir. 2017) (citation omitted). "The 'dispositive inquiry' is 'whether it would have been clear to a reasonable officer in the agents' position that their conduct was unlawful in the situation they confronted." *Shakir v. Stanye*, 805 F. App'x 35, 37 (2d Cir. 2020) (summary order) (citation and quotation omitted). However, "a defendant asserting a qualified immunity defense on a motion to dismiss 'faces a formidable hurdle . . . [and] will succeed only where entitlement to qualified immunity can be established "based [solely] on facts appearing on the face of the complaint." *Barnett v. Mt. Vernon Police Dept.*,

8

523 F. App'x 811, 813 (2d Cir. 2013) (unpublished) (quoting *McKenna v. Wright,* 386 F.3d 432, 436 (2d Cir. 2004) and *Field Day, LLC v. County of Suffolk,* 463 F.3d 167, 191-92 (2d Cir. 2006)).

Judged by this standard, the defendants have not established from the facts of the complaint that the officers had either probable cause or arguable probable cause to arrest the plaintiff. *See Barnett v. Mt. Vernon Police Dept.*, 523 F. App'x 811, 813 (2d Cir. 2013) (unpublished). The complaint alleges that Friberg did his own examination of the plaintiff's store, returned with the arresting officers and accused the plaintiff of selling counterfeit merchandise. According to the complaint, Friberg took the lead in the events that led to the plaintiff's arrest. While the officers looked on, Friberg went behind the counter, searched through drawers and opened and searched a bag. He directed the officers to get bags, and told them which items to seize, items that the plaintiff says were not for sale. The arresting officers did not examine the allegedly counterfeit goods or look at the receipt the plaintiff offered to show them, a receipt she says would have demonstrated her innocence. The plaintiff also cites the fact that the police returned her merchandise instead of destroying it, which she claims demonstrates that the items were not counterfeit.

Relying on the materials attached to their motions, the defendants argue that Friberg's affidavits and other supporting materials demonstrate that the defendants had probable cause, or at least arguable probable cause, to arrest the plaintiff. While these arguments may ultimately lead the defendants to prevail on summary judgment, they are premised on extrinsic evidence that the Court cannot consider at the motion to dismiss stage. "Although the defendants point to additional evidence that they contend establishes probable cause," dismissal is not appropriate

where "[the defendants] glean most of that evidence from documents that were not included with the complaint." *Barnett*, 523 F. App'x 811, 813 (2d Cir. 2013) (unpublished).

### D. Unlawful Search Claims

The plaintiff also accuses the defendants of searching her store unlawfully before they arrested her. The Fourth Amendment protects people's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A search "occurs when the police intrude open a person's reasonable expectation of privacy or if the police otherwise trespass upon one's person, house, papers, or effects for the purpose of acquiring information." *Conroy v. Caron*, 275 F. Supp. 3d 328, 339-40 (D. Conn. 2017) (citing *Florida v. Jardines*, 569 U.S. 1, 3 (2013) and *United States v. Jones*, 565 U.S. 400, 408 n.5 (2012)). In the same vein, "[a] 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

Aside from arguing that the plaintiff "does not provide any factual support for her conclusory allegations that she was the victim of an unlawful search/seizure . . ." (ECF No. 34 at 6), Friberg does not otherwise assert the legal basis for his search of the plaintiff's store. Construing the complaint in the plaintiff's favor, as I must on a motion to dismiss, the plaintiff has sufficiently alleged that the defendants—including Friberg—conducted a warrantless search of her store. A warrantless search is "*per se* unreasonable under the Fourth Amendment— subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). The complaint does not allege that the plaintiff consented to the search, nor do the defendants at this stage argue that any of the possible exceptions apply to the circumstances leading up to the plaintiff's arrest.

## CONCLUSION

The defendants' motions to dismiss are denied in part and granted in part. Triple I Associates is dismissed as a party.

**SO ORDERED.**

                                                                 s/Ann M. Donnelly
                                                           ANN M. DONNELLY
                                                           United States District Judge

Dated: Brooklyn, New York
       September 25, 2020